# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Faith M. Price | : | CHAPTER 13 |
| | : | |
| | : | Number 16- |
| **Debtor** | : | |
| | : | |
| | : | ORIGINAL PLAN |

## YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

1. **PLAN PROVISIONS DISCHARGE:**

    The Debtor will seek a discharge of debts pursuant to Section 1328(a). Upon completion of this Plan, all debts listed in the debtor's schedules or provided for by this plan, except those debts excepted by 11 U.S.C. § 1328(a) shall be discharged.

2. **PLAN FUNDING AND LENGTH OF PLAN**

    Monthly payments by the debtor of **$288.00** per month for **60** months.

    Total length: **60** months

    TOTAL AMOUNT TO BE PAID TO THE TRUSTEE: **$17,280.00**

3.  **SECURED CLAIMS**

    A.    <u>**Secured Claims Paid Directly by Debtor.**</u> The following claims shall retain their liens during the pendency of this Plan.  Post petition payments will be made directly by the Debtor to the holder of the claims and not by the Trustee according to the original contract terms, with no modification of contract terms.

| **Name of Creditor** | **Description of Collateral** | **Claim Amount** |
|---|---|---|
| **PNC Bank, N.A.** **(first mortgage)** | 206 Felton Ave., Sharon Hill, PA  19079 | $61,466.00 |
|  |  |  |
|  |  |  |

    B.    <u>**Cure of Pre-Petition Default and Maintenance of Monthly Payment**</u>s.

The Trustee shall make distributions to the holders of the following claims in the full amount of the allowed prepetition arrears as reflected on the claim docket or determined by the court. In the event of a conflict the court order shall be determinative.  Commencing with the first installment becoming due after the commencement of this case, all future monthly installment payments will be paid directly by the Debtor to the holder of the claims and not paid by the Trustee.

| **Name of Creditor** | **Description of Collateral** | **Pre-petition arrears to be cured** |
|---|---|---|
| **PNC Bank, N.A.** **(first mortgage)** | 206 Felton Ave., Sharon Hill, PA  19079 | $13,800.00 |
|  |  |  |

**C.    Secured Claims Paid in Full or According to Modified Terms to be Paid Trustee.**

These claims will be paid the full amount of the secured claim as reflected on the claims docket or determined by the court. If necessary, the Debtor shall file a Motion and or Adversary Action to Determine the Extent, Validity and Priority of the Lien. In the event of a conflict the court order shall be determinative. To the extent that the valuation provisions of 11 U.S.C. § 506 do not apply, the claim holder's failure to object to the confirmation of this plan shall constitute the creditor's acceptance of the treatment of its claim pursuant to 11 U.S.C. § 1325(a)(5)(A). The holders of the following claims shall retain their liens securing their claims during the pendency of this Plan. However, to the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. §506(a), that portion of the claim which is unsecured shall be provided as an Unsecured Claim under this Plan and a creditor holding such a claim retains its lien only to the extent of its allowed secured claim. Pursuant to 11 U.S.C. 1327, after the allowed secured claim has been paid in full, the property securing the claim shall vest in the Debtor free and clear of any claim, interest or lien of such creditor and the creditor shall promptly mark any lien securing such claim as satisfied in the appropriate public records. The Debtor may enforce this paragraph by instituting an appropriate enforcement proceeding in the bankruptcy court either before or after the entry of the discharge order and either before or after the closing of this case.

| **Name of Creditor** | **Description of Collateral** | **Secured Claim to be Paid By Trustee** |
|---|---|---|
| **n/a** | | |
| | | |

**D.    Surrender of Secured Property**: The Debtor will surrender the property securing the following claims in full satisfaction of the claims. These claims to the extent they are secured shall not be paid by the Trustee.

| **Name of Creditor** | **Secured Property to be Surrendered** |
|---|---|
| **n/a** | |
| | |

**E.    Other Secured Claims "Not Provided For" By the Plan:** No payments shall be paid on the following Secured Claims. It is the intention of the Debtor that this Plan "does not provide for" these claims within the meaning of 11 U.S.C. §1325(a)(5). See also In re Waldman, 75 B.R. 1005 (Bankr. E.D. Pa. 1987).

−3−

| Name of Creditor | Property Securing the Debt Not Provided For |
|---|---|
| **n/a** | |
| | |

**F.     Lien Avoidance**.  The Debtor will move to avoid the judicial liens of the following creditors pursuant to §522(f).

| Name of Creditor | Description of Collateral |
|---|---|
| **Erin Capital Management** | 206 Felton Avenue, Sharon Hill, PA  19079 |
| | |

**4.  PRIORITY CLAIMS**

   A.     The following allowed priority claims under 11 U.S.C. § 507 shall be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to 11 U.S.C. § 1322(a)(4).  The Trustee will make distribution to the holders of these claims.

| Name of Priority Creditor | Total Amount to be Paid |
|---|---|
| **Internal Revenue Service**<br>**2013 income taxes** | $265.00 |
| | |

   B.     Administrative Claims

   (1) Trustee fees.  Statutory commission payable to the Trustee, not to exceed 10%

   (2)  Debtor's counsel fees.  In addition to the prepetition attorney's fees already paid by the Debtor, the amount of **$1,500.00** shall be paid by the Trustee pursuant to 11 U.S.C. § 330.

5. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Non priority Creditors Specially Classified**. The following unsecured claims include claims such as co-signed unsecured debts and student loans, that will be paid in full even though other unsecured claims may not be paid in full. The holders of the following claims will be paid directly by the Debtor and not by the Trustee.

| Name of Creditor | Basis for Separate Classification | Treatment | Estimated Amount to be Paid |
|---|---|---|---|
| n/a | | | |
| | | | |

   B. **Claims of General Unsecured Creditors.** Any timely filed allowed unsecured claims shall be paid on a pro rata basis of any allowed claim. Any claims filed after the proof of claim deadline shall not be allowed and shall not be paid by the Trustee.

6.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   a. The following executory contracts and unexpired leases are assumed and payments due after the filing of this case will be paid directly by the Debtor:

| Name of Creditor | Nature of Contract or Lease |
|---|---|
| n/a | |
| | |

   b. Unless otherwise provided, the Debtor shall cure any pre-petition monetary default on the assumed lease(s) or executor contract in equal monthly payments by the Trustee over the length of this plan, with said payments to be made as those for pre-petition secured claims.

| **Name of Creditor** | **Nature of Contract** | **Pre-petition arrears to be cured** |
|---|---|---|
| **n/a** | | |
| | | |

    c.       The following executory contracts and unexpired leases are rejected:

| **Name of Creditor** | **Nature of Contract or Lease** |
|---|---|
| **n/a** | |
| | |

**7.    ORDER OF DISTRIBUTION**

The Trustee shall pay the allowed claims provided for by this Plan in the following order:

    (1) Debtor's attorney's fees;
    (2) Domestic support obligations;
    (3) Cure of Prepetition Secured Claims and Prepetition Executory contract arrears;
    (4) Allowed Secured Claims Paid in Full and/or Modified;
    (5) Allowed Priority Claims Other than Domestic Support Obligations;
    (6) Allowed Unsecured Claims – Separately Classified
    (7) Allowed timely filed Unsecured Claims – Not Separately Classified

**8.    REVESTING OF PROPERTY**

    All property of the estate vests in the Debtor upon confirmation.

**9. MISCELLANEOUS PLAN PROVISIONS**

a.     The Debtor shall have sole right to use and possession of all property of the estate, including the right to use or lease such property during the pendency of this case. In addition, unless modified by express order of the bankruptcy court, the stay provided by 11 U.S.C. §362(a)

shall remain in effect until entry of the discharge order.

b.        Confirmation of the plan shall impose a duty on the holders and or servicers of secured claims on real property to apply the payments received from the Trustee regarding the pre-petition arrears, if any, only to such arrears; to apply the direct mortgage payments if any, paid by the Debtor to the post petition obligations, to notify the debtor and the attorney for the debtor of any changes in the interest rate of an adjustable rate mortgage and or changes in the taxes and insurance escrow amounts and the effective rate of the adjustment, and to comply with 11 U.S.C. § 524(h)(2)(B)(i).

c.        Notwithstanding any provision of this Plan, a holder of an allowed claim may agree to a different treatment than that provided in this Plan and such agreement shall be binding on the holder.

d.        If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payment of that claim directly to the creditor in the Chapter Plan, the holder of the claim shall resume sending customary statements and notices to the debtor.

e.        If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post petition coupon book(s) to the Debtor after this case has been filed.

f.        Statements or coupon books sent as set forth above shall not violate the automatic stay.

**February 5, 2016**                              /s/      *Faith M. Price*
                                                  **FAITH M. PRICE**